NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-620

COMMONWEALTH

vs.

FELIX M. PENA.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Felix Pena, appeals from a Superior Court judge's order denying his motion for a new trial, claiming that the judge, who was not the plea judge, erred in finding (1) that the defendant did not receive constitutionally deficient advice regarding the immigration consequences of his November 6, 2007 guilty plea, and (2) the defendant was not prejudiced by plea counsel's advice.  We agree and reverse.

Background.  At the time of his plea in 2007, the defendant was a fifty-seven year old citizen of the Dominican Republic and lawful permanent resident of the United States who had lived in

_____

[1] As is our custom, we spell the defendant's name as it appears in the complaint.

the United States since June 1988.  The defendant and his wife,
a United States citizen, are both retired[2] and have health
problems.

On November 6, 2007, the defendant, after having been
indicted for trafficking in cocaine in violation of G. L.
c. 94C, § 32E (b), pleaded guilty to the reduced charge of
simple possession of a class B substance (cocaine) in violation
of G. L. c. 94C, § 34.[3]  In his plea, the defendant acknowledged
the following facts:

> "[O]n September 1, 2006, [a Leominster police detective]
> and members of the North Worcester County Drug Task Force
> obtained a search warrant for a 1994 Honda automobile with
> Massachusetts registration 28VD51.
>
> "At about 4:15 P.M. on that same day, the police spotted
> this car on Fourth Street in Leominster and stopped it as
> it left the driveway at 186 Fourth Street.  The defendant
> was the driver and lone occupant of the car.
>
> "On a search of the car, police found next to the defendant
> in the center console bags of cocaine, quantity 60.77
> grams, as well as a sum of cash on the defendant."

---

[2] The defendant had worked in Worcester County owning his
own business for years.

[3] Trafficking in thirty-six or more, but less than one
hundred grams of cocaine, in violation of G. L. c. 94C,
§ 32E (b) (2), is punished by a term of imprisonment between
three and one-half years and twenty years in the State prison,
with a minimum mandatory sentence of three and one-half years.
Simple possession of cocaine in violation of G. L. c. 94C, § 34,
is punished by up to one year imprisonment in the house of
correction, with no minimum sentence.

The defendant received the agreed-upon recommendation of nine months of unsupervised probation with no special conditions. The defendant completed his probation without incident.

During the plea colloquy, the judge advised the defendant that "a conviction or a plea of guilty to the offense before the Court may very well have the consequence of your being deported or excluded from admission to the United States or you could be denied naturalization under the laws of the United States." The defendant confirmed that he understood the advisement. He also signed a waiver of rights acknowledging that his conviction "could result in my deportation or exclusion from admission to the United States under federal immigration law and that I may be rejected as an applicant for citizenship in the United States." The defendant later stated in his June 15, 2023 affidavit that his plea counsel had advised him "that since I was going to be receiving 9 months of probation which was less than one year, I would be ok."[4]

In October 2019, the defendant traveled to the Dominican Republic to attend his son's funeral services. Upon the defendant's return to the United States, he was denied entry at

---

[4] Plea counsel passed away before the defendant filed his motion for a new trial. After a hearing, the motion judge, in his decision and order denying the defendant's motion for a new trial, stated that he did not credit the defendant's claim that plea counsel advised him that the plea would not affect his immigration status.

Boston's Logan International Airport due to the conviction appearing on his record, and he now faces deportation. See 8 U.S.C. § 1227(a)(2)(B)(i) (noncitizens are deportable if convicted of any offense relating to controlled substance other than single offense involving possession for personal use of thirty grams or less of marijuana). Additionally, the United States Citizenship and Immigration Services administratively closed the defendant's application for citizenship.

On June 27, 2023, the defendant filed a motion to vacate his conviction and for a new trial. The Commonwealth took no position on the defendant's motion. After a hearing, on July 22, 2024, the motion judge denied the defendant's motion.

Discussion. 1. Standard of review. We treat a motion to withdraw a guilty plea as a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), and "[w]e examine the motion judge's conclusion only to determine whether there has been a significant error of law or other abuse of discretion" (citation omitted). Commonwealth v. Lavrinenko, 473 Mass. 42, 47 (2015).

2. Ineffective assistance of counsel. To succeed on a claim of ineffective assistance of counsel, "the defendant bears the burden of showing that his attorney's performance fell measurably below that which might be expected from an ordinary

4

fallible lawyer, and that he suffered prejudice" (quotation and citation omitted).  Lavrinenko, 473 Mass. at 51.

a.  Deficient performance.  "In determining the level of performance required of an ordinary fallible lawyer, we look to the 'professional standards of the legal community'" at the time of the plea.  Lavrinenko, 473 Mass. at 51, quoting Commonwealth v. Clarke, 460 Mass. 30, 45 (2011).  "The weight of prevailing professional norms supports the view that counsel must advise [his or] her client regarding the risk of deportation." Lavrinenko, supra, quoting Padilla v. Kentucky, 559 U.S. 356, 367 (2010).  "[W]hen the deportation consequence is truly clear, . . . the duty to give correct advice is equally clear." Padilla, supra at 369.  Specifically, "advice that one 'faces' deportation does not inform a client that deportation will be mandatory if one is apprehended by Federal authorities." Commonwealth v. DeJesus, 468 Mass. 174, 182 n.7 (2014).

A noncitizen who has been convicted of "a violation of . . . any law or regulation of a State, the United States, or a foreign country relating to a controlled substance . . . other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable."  8 U.S.C. § 1227(a)(2)(B)(i).  The immigration consequences of a conviction under 8 U.S.C. § 1227(a)(2)(B)(i) are "succinct, clear, and explicit" such that it "could easily be determined

5

from reading the removal statute" that "deportation was presumptively mandatory."  Padilla, 559 U.S. at 368-369.[5]

The defendant argues that the advice he received regarding the immigration consequences of his plea was constitutionally deficient.  We agree.

To be sure, the motion judge stated that he did not credit the defendant's claim that at the time of the plea, plea counsel advised the defendant that the plea would not affect his immigration status.  See Commonwealth v. Sylvain, 473 Mass. 832, 835 (2016) ("To the extent that a motion judge was in a better position to evaluate the credibility of the affiants, we will defer to the judge's assessment of the credibility, weight, and impact of the affidavits submitted in support of a motion to withdraw a guilty plea" [quotation and citation omitted]).  Here however, the motion judge did not hear testimony from the parties and supported his credibility determination based on the facts that the plea judge had advised the defendant that his plea "may very well have the consequence of your being deported" and that the defendant signed a waiver of rights acknowledging that his plea "could result in my deportation or exclusion from

_____

[5] Defendants "whose State law convictions were final after April 1, 1997, may attack their convictions collaterally on Padilla grounds."  Commonwealth v. Sylvain, 466 Mass. 422, 423-424 (2013).  Contra Chaidez v. United States, 568 U.S. 342, 358 (2013) (Padilla does not apply retroactively to claims under Federal law).

6

admission to the United States under federal immigration law and that I may be rejected as an applicant for citizenship in the United States."[6]  The Supreme Judicial Court has recognized that such a colloquy and waiver are "not an adequate substitute for defense counsel's professional obligation to advise [his] client of the likelihood of specific and dire immigration consequences that might result from such a plea."  See DeJesus, 468 Mass. at 177 n.3, quoting Clarke, 460 Mass. at 48 n.20.

While defense counsel may or may not have advised the defendant as to the immigration consequences of his plea, there is nothing to suggest that plea counsel accurately advised the defendant that pleading guilty to a controlled substance offense would subject him to mandatory deportation if apprehended by Federal authorities.  See DeJesus, 468 Mass. at 182 n.7.  Indeed, the defendant seemingly acted consistently with what he claimed was defense counsel's advice by traveling to the Dominican Republic.  The defendant arguably would not have done so if properly advised of the clear immigration consequences of his conviction, which made him ineligible for readmission to the United States and subject to deportation.  See 8 U.S.C. § 1182(a)(2)(A)(ii) (noncitizens are inadmissible if convicted of controlled substance offense); 8 U.S.C. § 1227(a)(2)(B)(i)

---

[6] These advisements are consistent with those required by G. L. c. 278, § 29D.

7

(noncitizens are deportable if convicted of controlled substance offense, except possession of thirty grams of marijuana or less).

In sum, the defendant's conviction falls squarely within the same statutory provision that the United States Supreme Court held was "succinct, clear, and explicit" regarding its immigration consequences. See Padilla, 559 U.S. at 368-369. Further, neither the judge's advisement during the plea colloquy nor the defendant's written waiver of rights was an adequate substitute for plea counsel's duty to advise the defendant of the potential dire immigration consequences of his plea. See DeJesus, 468 Mass. at 177 n.3, quoting Clarke, 460 Mass. at 48 n.20. Accordingly, plea counsel's advice regarding the immigration consequences of the defendant's plea was constitutionally deficient. See Lavrinenko, 473 Mass. at 51.

b. Prejudice. When the claim of ineffective assistance relates to defense counsel's advice regarding the immigration consequences of a plea, "a defendant establishes prejudice by (1) averring that, had he been advised of the immigration consequences, he would have insisted on going to trial;[7] and (2) showing that such a decision would have been rational under the circumstances." Commonwealth v. Torres, 495 Mass. 1008,

_____

[7] The defendant satisfied this baseline requirement here.

8

1010 (2024). To prove that the rejection of a plea deal would have been rational, the defendant must first establish one or more of the following factors:

> "(1) an available, substantial ground of defense that the defendant would have pursued if given proper advice about the plea's dire immigration consequences; (2) a reasonable probability that the defendant could have negotiated a plea bargain that did not include those dire immigration consequences; or (3) special circumstances[8] supporting the conclusion that the defendant 'placed, or would have placed, particular emphasis on immigration consequences in deciding whether to plead guilty.'"

See Commonwealth v. Lys, 481 Mass. 1, 7 (2018), quoting Clarke, 460 Mass. at 47-48. If a defendant is able to make that showing, the judge "must move to the second step and evaluate whether, under the totality of the circumstances, there is a reasonable probability that a reasonable person in the defendant's circumstances would have gone to trial if given constitutionally effective advice." Torres, supra, quoting Lys, supra at 7-8.

The defendant argues that the motion judge erred in finding that plea counsel's advice did not prejudice the defendant. The defendant emphasizes that the special circumstances indicate

---

[8] Where the defendant claims the presence of special circumstances, "a judge must consider collectively all of the factors supporting the conclusion that the defendant placed, or would have placed, particular emphasis on immigration consequences in deciding whether to plead guilty" (quotation and citation omitted). Lys, 481 Mass. 1, 8 (2018).

9

that he would have placed particular emphasis on the immigration consequences of his plea to support the conclusion that he was prejudiced. We agree. Although "existence of special circumstances does not automatically result in prejudice," Lys, 481 Mass. at 10, a defendant who would have placed particular emphasis on the immigration consequences in deciding whether to plead guilty likewise need not present a viable defense that he would have pursued at trial. See Lee v. United States, 582 U.S. 357, 366-367 (2017) (rejecting per se rule that "defendant with no viable defense cannot show prejudice" because prejudice inquiry "focuses on a defendant's decisionmaking"). See also Lavrinenko, 473 Mass. at 59 (emphasizing that "special circumstances regarding immigration consequences should be given substantial weight").

Although, as the motion judge noted, "the defendant has offered no circumstances where he would not be convicted of a felony" if the defendant had chosen to go forward to trial, that is not necessarily determinative. See Lee, 582 U.S. at 371 (defendant who placed paramount importance on avoiding deportation may rationally reject plea agreement that would certainly lead to deportation even where deportation after conviction at trial was "almost" certain).

While the judge did acknowledge that the special circumstances that the defendant would have placed particular

emphasis on the immigration consequences of his plea was a factor in determining whether plea counsel's performance prejudiced the defendant, his analysis was limited to acknowledging the fact that the defendant is a lawful permanent resident of the United States and noting that lawful permanent resident status does "does not necessarily establish" special circumstances.  The judge did not discuss the defendant's family and life in the United States while considering the defendant's special circumstances.  Thus, we cannot say that the judge gave, as he must, "substantial weight" to the defendant's special circumstances indicating that he would have prioritized the immigration consequences of his plea.  See Lavrinenko, 473 Mass. at 59.

Indeed, the defendant has shown special circumstances that he placed particular emphasis on immigration consequences in deciding whether to plead guilty.  See Lys, 481 Mass. at 7.  The defendant had been a lawful permanent resident of the United States for almost twenty years at the time of his guilty plea and had been married to a United States citizen for even longer. His children were all born in the United States, and he discussed the immigration consequences of his plea in order to avoid separation from his wife and children.  He also had a business and intended to apply for citizenship at the time of his plea (and later did so).

11

Additionally, "under the totality of the circumstances, there is a reasonable probability that a reasonable person in the defendant's circumstances would have gone to trial if given constitutionally effective advice" (citation omitted).  Torres, 496 Mass. 1010.  To begin, for the reasons described supra, the defendant placed particular emphasis on immigration consequences in deciding whether to plead guilty.  A defendant for whom immigration consequences is the "determinative issue" may reasonably risk a trial that would "almost certainly" result in a conviction, if pleading guilty would certainly lead to deportation.  See Lee, 582 U.S. at 371.[9]

Furthermore, while it is true that the defendant, almost seventeen years after his guilty plea, was unable to articulate a defense he could have pursued if he had chosen to go to trial, we are not convinced, on the scant record available,[10] that the defendant faced an almost certain conviction.  See Lee, 582 U.S. at 371.  The motion judge's conclusion that the defendant was

---

[9] Although the defendant's trafficking conviction carried a maximum sentence of twenty years, given that the defendant had no prior criminal history and the generous plea terms offered by the Commonwealth, it is likely that the defendant faced little more that the three and one-half year mandatory minimum sentence.  See G. L. c. 94C, § 32E (b) (2).

[10] As noted supra, the defendant's plea counsel has passed away.  Additionally, the Commonwealth stated at the motion hearing that it no longer has a file "given the age of this case."

"faced [with] a near-certain conviction on a trafficking in cocaine charge" appears to be based entirely on the five-sentence factual recitation at the defendant's plea hearing. However, we note that the facts the prosecutor recited at the defendant's plea hearing did not indicate that the defendant was the target of the search warrant, or that the vehicle that was the target of the search warrant was registered or owned by the defendant. What is more, although we cannot know why the Commonwealth offered the defendant such a generous plea,[11] the defendant's generous plea may be some indicia that the defendant had leverage to negotiate the terms of his plea. See Lys, 481 Mass. at 7 (defendant may rationally reject plea if defendant shows "reasonable probability that the defendant could have negotiated a plea bargain that did not include those dire immigration consequences").[12] In consideration of these

---

[11] As noted supra, the offense with which the defendant was initially charged, trafficking between thirty-six and up to one hundred grams of cocaine in violation of G. L. c. 94C, § 32E (b), carries a minimum mandatory sentence of three and one-half years imprisonment in State prison, while the defendant pleaded guilty to an offense that carries no mandatory minimum sentence and resulted in a disposition of less than one year of unsupervised administrative probation. See G. L. c. 94C, § 34.

[12] Notably, the defendant in Commonwealth v. Chleikh, 82 Mass. App. Ct. 718, 727 (2012), who pleaded guilty to various crimes of violence, averred that had he understood the immigration consequences of his pleas, he "would have tried to negotiate for suspended sentences of less than one year." Here, the defendant obtained a similar plea to the one that Chleikh

circumstances, there is a reasonable probability that a reasonable person in the defendant's position would have gone to trial if given constitutionally effective advice.  See Torres, 496 Mass. at 1010.

Accordingly, the defendant has shown that plea counsel's advice prejudiced him regarding his decision whether or not to go to trial or to change his plea.  See Lys, 481 Mass. at 7-8; Lavrinenko, 473 Mass. at 55-56.

Conclusion.  The order denying the defendant's motion to vacate his conviction and for a new trial is reversed.  The defendant's conviction is vacated, and the defendant is to be permitted to withdraw his guilty plea.  The case is remanded to the Superior Court for further proceedings if the Commonwealth wishes to seek a new trial.

So ordered.

By the Court (Rubin, Desmond & Allen, JJ.[13]),

Clerk

Entered:  July 22, 2026.

---

claimed he would have sought to minimize the immigration consequences of his guilty pleas.  See id.

[13] The panelists are listed in order of seniority.